UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-60168-Civ-SCOLA

JANICE W. BENGGIO,

    Plaintiff,

vs.

PROFESSIONAL RECOVERY
SERVICES, INC.,

    Defendant.

_____/

**ORDER DENYING MOTION TO DISMISS FOR LACK OF JURISDICTION**

THIS MATTER is before the Court on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction [ECF No. 20], filed by Professional Recovery Services, Inc. For the reasons stated below, this Motion is denied.

**Introduction**

This case was brought pursuant to the Fair Debt Collection Practices Act ("FDCPA") and the Telephone Consumer Protection Act ("TCPA"). The Complaint alleges that Defendant violated the FDCPA by leaving Plaintiff telephone messages that failed to disclose Defendant's identity. Plaintiff seeks statutory damages, plus attorney's fees and costs, under the FDCPA, but does not allege actual damages in the Complaint. The "WHEREFORE" clause of the Complaint expressly requests that "the Court enter judgment in favor of Plaintiff and against Defendant[.]" Compl. at 5.

On May 11, 2012, Defendant made a written settlement offer by letter to Plaintiff in the amount of "$1,001, plus reasonable attorney's fees and costs as determined to be recoverable by the Court, or otherwise agreed to by the parties, to resolve the claims that have or could have been asserted by Plaintiff against Defendant" under the FDCPA. Settlement Letter at 1. Defendant alternatively offered to settle the FDCPA claims in total for $3,000, inclusive of attorney's fees and costs. *Id.*

Plaintiff has not responded to Defendant's offer.  Although Plaintiff has not yet accepted the offer, Defendant moves to dismiss for lack of subject matter jurisdiction, arguing it "has offered one dollar more than everything that Plaintiff is entitled to under the FDCPA claim; *i.e.* statutory damages of $1,001, plus reasonable attorney's fees and costs."  Mot. at 2.  According to Defendant, in light of the settlement offer, "there is no longer a dispute over which to litigate and this case must be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1)."  *Id.*

## Legal Standards

Article III of the United States Constitution specifically limits federal court jurisdiction to actual cases and controversies.  *See* U.S. Const. Art. III § 2.  An action that does not present an active case or controversy is moot; and as such, a federal court may not consider or decide the merits of it.  *See Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001); *see also Nat'l Adver. Co. v. City of Miami*, 402 F.3d 1329, 1332 (11th Cir. 2005) ("a moot suit cannot present an Article III case and controversy and the federal courts lack subject matter jurisdiction to entertain it").  In such cases, dismissal for lack of subject matter jurisdiction is required.  *See Moten v. Broward Cnty., Fla.*, 2011 WL 5877034, at *3 (S.D. Fla. Nov. 23, 2011) (Cohn, J.).

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may contest subject matter jurisdiction in two ways – facially or factually.  *Principal Life Ins. Co. v. Alvarez*, 2011 WL 4102327, at *2 (S.D. Fla. Sept. 14, 2011) (Altonaga, J.).  "A facial attack asserts that a plaintiff has failed to allege a basis for subject matter jurisdiction in the complaint," and "the plaintiff's allegations are taken as true for the purposes of the motion[.]"  *Id.*  A factual attack, by contrast, "challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings such as testimony and affidavits, are considered."  *Id.* (citation omitted).  "No presumption of truth attaches to the plaintiff's allegations, and the existence of disputed material facts does not prevent the trial court from evaluating for itself the merits of the jurisdictional claim."  *Id.*  In this case, Defendant's challenge relates to events arising outside the Complaint – specifically, an offer of settlement.  Therefore, this is a factual challenge to jurisdiction.  *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003) (motion presented factual attack where it "did not assert lack of subject matter jurisdiction solely on the basis of the pleadings").

## **Legal Analysis**

The Court finds that Defendant's settlement offer does not moot Plaintiff's FDCPA claim because Plaintiff expressly seeks a judgment, which Defendant has not offered to give. Therefore, there remains a case or controversy over which this Court has subject matter jurisdiction.

"Courts in the Southern District of Florida, as well as in other districts, have split on the issue of whether a mere offer of full damages moots a case." *Balthazor v. ARS Nat'l Servs., Inc.*, 2011 WL 367701, at *1 (S.D. Fla. Aug. 18, 2011) (Cohn, J.). The point of disagreement seems to be whether or not the plaintiff is entitled to a judgment, as prayed for in the complaint, even though the defendant has offered to fully pay damages. This issue is presently on appeal before the Eleventh Circuit in *Zinni v ER Solutions, Inc.*, Case No. 10-cv-80780 (S.D. Fla., Apr. 20, 2011) (Ryskamp, J.) and *Desty v. Collection Information Bureau, Inc.*, Case No. 11-80114 (S.D. Fla. June 8, 2011) (Ryskamp, J.). The Plaintiff here represents that during oral argument in those cases, the Eleventh Circuit "strongly indicated that it would likely hold that a settlement offer, absent an offer allowing judgment to be entered, does not provide a plaintiff with the full measure of relief to which he is entitled under the [FDCPA]." Stay Mot. at 1. Without speculating on the likely disposition of *Zinni* and *Desty* in the Eleventh Circuit, this Court agrees that a defendant cannot moot a plaintiff's case without offering a judgment pursuant to Federal Rule of Civil Procedure 68.

Under Rule 68, a defendant can "serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). When a plaintiff is tendered an offer of judgment for the maximum allowable relief, it moots an FDCPA claim, even when that offer is not accepted. *Lynch v. First Nat. Collection Bureau, Inc.*, 2011 WL 2457903, at *1 (S.D. Fla. Jun. 17, 2011) (Cohn, J.); *Moore v. Hecker*, 250 F.R.D. 682, 683 (S.D. Fla. 2008) (Cohn, J.). "The plain purpose of Rule 68 is to encourage settlement and avoid litigation." *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op, Inc.*, 298 F.3d 1238, 1240 (11th Cir. 2002) (citation omitted). Thus, "Rule 68 allows a defendant to make a firm, non-negotiable offer of judgment." *Id.*

A Rule 68 offer of judgment, however, is distinguishable from a mere offer of settlement, as an offer of judgment requires that actual judgment be allowed. *See, e.g., Moten v. Broward Cnty., Fla.*, 2011 WL 5877034, at *3 (S.D. Fla. Nov. 23, 2011) (Cohn, J.) (finding evidence of

"attempt to settle" insufficient where "Defendant ha[d] presented no evidence that it served Plaintiff with a Rule 68 offer of judgment."); *Balthazor*, 2011 WL 367701, at *1-*2 (discussing "whether a mere offer of full damages moots a case" and concluding that "[t]his Court does not find that the action is moot as Plaintiff has not been afforded the relief of an enforceable judgment"); *Lynch*, 2011 WL 2457903, at *2 (finding offer did not render FDCPA claim moot where it did not include judgment against all defendants).

Defendant maintains that Plaintiff's FDCPA claims were rendered moot by its settlement letter, which offered her $1,001 plus reasonable attorney's fees and court costs. The settlement letter does not mention Rule 68, nor does it offer Plaintiff a judgment. Defendant's Motion likewise does not suggest that the settlement offer was made under Rule 68. Given these circumstances, the Court finds that this offer was not an offer of ***judgment*** for the purposes of mootness, but rather a mere settlement offer. Therefore, because Defendant has not offered to give Plaintiff a judgment – *i.e.*, everything Plaintiff has asked for – Defendant's written settlement offer does not moot Plaintiff's FDCPA claims.

## Conclusion

For the reasons explained herein, Plaintiff's FDCPA claim is not moot. Accordingly, it is hereby **ORDERED and ADJUDGED** that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction [ECF No. 20] is **DENIED**. In light of this ruling, Plaintiff's Motion to Stay Case [ECF No. 24] is also **DENIED** as moot.

**DONE and ORDERED** in chambers, at Miami, Florida on July 18, 2012.

                                                **ROBERT N. SCOLA, JR.**
                                                **UNITED STATES DISTRICT JUDGE**

*Copies to:*
U.S. Magistrate Judge
Counsel of record